IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRANDON CHRISTOPHER JOHNSON, 169844, § § | | |
| Petitioner, | § § | |
| v. | § | 3:15-CV-3394-N-BK |
| | § | |
| WARDEN CHAPDELAINE, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* habeas corpus action under 28 U.S.C. § 2254 was automatically referred to the United States Magistrate Judge. The Court granted Petitioner's motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening. For the reasons that follow, the petition should be summarily dismissed.

**I. BACKGROUND**

Petitioner, a Colorado state prisoner, filed a *pro se* habeas corpus petition seeking "to clear a detainer lodged against him" and requesting prompt "revocation proceedings." Doc. 2 at 7. He states the Colorado Department of Correction will not consider him for parole on his state sentence until he disposes of the pending detainer. Doc. 2 at 7. While Petitioner does not identify the detainer at issue, he references a 52-month federal sentence for possession of a firearm by a prohibited person in *United States v. Johnson*, No. 3:08-CR-226-D-01 (N.D. Tex. 2009). Doc. 2 at 2. A review of the docket sheet in that case reflects that a September 2013 supervised release violation warrant remains outstanding. *See* No. 3:08-CR-226-D Crim. Doc. 82; Crim. Doc. 83.

## II. ANALYSIS

Petitioner filed his petition on the form for seeking habeas relief under 28 U.S.C. § 2254. However, he has not asserted any constitutional violation stemming from his holding conviction in the State of Colorado. Thus, even when liberally construed, Petitioner's pleadings do not present a cognizable basis for federal relief under section 2254. *See* 28 U.S.C. § 2254 (providing for federal habeas relief on behalf of a person in state custody "only on the ground that he is in custody in violation of the Constitution or laws of treaties of the United States."); *see also* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (("If it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

Even liberally construing the petition to seek relief under 28 U.S.C. § 2241, with respect to the 2013 supervised release revocation warrant, it lacks any arguable basis in law. Until execution of the supervised release revocation warrant, Petitioner has no right to a revocation hearing. See *United States v. Tippens*, 39 F.3d 88, 90 (5th Cir. 1994) (discussing *Moody v. Daggett*, 429 U.S. 78, 87-89 (1976), which held that even when a parolee's warrant "has remained outstanding for more than ten years, no right to a revocation hearing accrues until the warrant has been executed and the parolee is taken into custody"). The *Tippens* court recognized, however, that a defendant's due process rights may be violated by a delay in the execution of a warrant "if the delay undermines [defendant's] ability to contest the issue of the violation or to proffer mitigating evidence." 39 F.3d at 89-90. Here, the petition does not allege any prejudice to Petitioner in contesting the alleged supervised release violation and, thus, he has failed to allege any due process claim.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus under 28 U.S.C. §§ 2254 and 2241 be summarily **DISMISSED**.

SIGNED October 22, 2015.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE